# Griel v. Randolph.

*Action by Commissioner for Damages resulting from a fail-
ure by Purchaser to comply with terms of sale.*

| 108 | 601 |
| 108 | 613 |
| 108 | 601 |
| 118 | 238 |
| 118 | 242 |
| 118 | 245 |
| 108 | 601 |
| 128 | 181 |
| 108 | 601 |
| h131 | 517 |
| 131 | 518 |

1. *Commissioner's sale; failure by purchaser to comply with terms.*—
When a commissioner sells lands under an order of the probate court,
and on failure by the purchaser to comply with the terms of the sale,
the land is resold under order of the court, the commissioner may,
for the use of the beneficiaries under the sale, sue such purchaser
for the damages resulting from his failure to comply with the terms
of the sale.

2. *Sale of land for division; parties to proceeding.*—Proceedings for a
sale of land for division can be prosecuted to a decree only by and
against the parties who owned the land when the petition was filed.

3. *Parties to action.*—Where pending proceedings for a sale of land
for division, one cotenant assigns his interest to a stranger, the as-
signee is a proper beneficial plaintiff in an action brought by the
commissioner of the sale against the purchaser for failing to comply
with the terms of the sale.

4. *Sale for division; acceptance of bid.*—Where on a sale for division
among tenants in common, a report of the sale is made to the court,
marked "filed", and recorded, and ordered to lie over 10 days, and
the terms of sale not being complied with, the lands are ordered to be
resold at the purchaser's risk, this is a sufficient acceptance of such
purchaser's bid, if acceptance is essential.

5. *Same; notice of proceedings.*—A purchaser at a sale for division
among tenants in common who fails to comply with his bid, is not
entitled to notice of further proceedings.

6. *Same; jurisdictional averments of petition.*— It is not necessary
that a petition for a sale of lands for partition among tenants in com-
mon should set out the residence of the petitioners.

APPEAL from Montgomery City Court.

Tried before Hon. T. M. ARRINGTON.

This action was brought by John Randolph for the
use of Josephine Wilson, Matt P. Crittenden and Lester
C. Smith, against Nathan Griel, and sought to recover
of the defendant damages for his failure to comply with

his bid at a sale of certain lands ordered sold by the probate court of Montgomery county for purposes of a division among the joint owners.

The evidence showed that on April 24th, 1890, Josephine Wilson and her husband filed a petition in the probate court of Montgomery county praying a sale of certain lands therein described, for the purpose of making a division among the joint owners, of which she was one. Henry W. Crittenden and Matt P. Crittenden were made defendants thereto. The petition was in regular form. It stated the residence of the defendants, but did not state that of the petitioners. Under regular proceedings, a decree was rendered ordering the lands to be sold. John Randolph was appointed commissioner for that purpose. After the filing of this petition, and before the decree of sale, H. W. Crittenden sold his interest in the lands to L. C. Smith. The proceedings were carried through in the names of the original parties. Randolph, the commissioner, sold the lands in strict conformity to the decree, and at the sale, the defendant became the purchaser. The commissioner regularly reported the sale, stating in his report that the purchaser had failed to comply with the terms of sale. This report was marked "filed", was ordered to lie over ten days, and recorded. At the expiration of that time, the court ordered said land to be resold at the risk of defendant, Griel, he having failed still to comply with his bid. Griel was not notified of the day set for the hearing of the commissioners report of the first sale, nor of the decree ordering the second sale. He had no notice, from the proceedings or otherwise, of the sale to Smith by H. W. Crittenden. The second sale was regularly conducted, and thereat, the property brought less than at the first. This sale was duly reported, confirmed, and consummated. This suit was instituted to recover the difference between the bids at the two sales, and the costs thereof. Verdict and judgment for plaintiff, from which defendant appeals.

ROQUEMORE & WHITE for appellant. Smith was not a proper party.—57 Ala. 100; 14 Ala. 511; 1 Chit. Pl. 13–14.

The first sale did not bind Griel, because it was not accepted or confirmed by the court.—10 Ala. 650; 35

[Griel v. Randolph.]

Ala. 503; 53 Ala. 152; 19 Ala. 367; Rorer on Jud. Sales 55; 58 Ill. 239; 6 Jones Eq. (N. C.) 215; 15 Grat. 288.

Greil was entitled to notice of the proceedings.— *Dugger v. Tayloe*, 60 Ala. 511; 47 Ala. 262; 24 Ala. 410; 12 A. & E. Enc. L. 239 and note 3,

The petition was lacking in jurisdictional averments.—75 Ala. 214; 80 Ala. 32; 78 Ala. 210; 83 Ala. 376; *Wollfe v. Loeb*, 98 Ala. 426.

W. S. THORINGTON, *contra*.—It is an implied condition of official sales, that the purchaser, if he fails to comply with his bid, will pay the difference between the price at the original sale and on resale, and the expenses of the resale.—*Adams v. McMillan*, 7 Port. 73; *Lampkin v. Crawford*, 8 Ala. 153; *Hutton v. Williams*, 35 Ala. 503; 12 A. & E. Euc. Law 233–4.

The order of resale was in effect a confirmation of the report on the first sale.—*Little v. Knox*, 96 Ala. 179.

A purchaser at a commissioner's sale who fails to comply with his bid is not entitled to notice of further proceedings.—2 Swan. (Tenn.) 340; 9 Heisk 675; *Haralson v. George*, 56 Ala. 295; *Aderbolt v. Henry*, 82 Ala. 541.

On parties to the action, cited *Michenor v. Loyd*, 1 C. E. Green (N. J.) 38; 2 Brick. Dig. p. 337, § 113.

HEAD, J.—The right of action here sought to be enforced, in the name of the commissioner, for the use of the owners of the land sold, is that which was clearly recognized by this court in *Hutton v. Williams*, 35 Ala. 503; and the measure of recovery claimed and had, is the same as there held proper. We can add nothing to what was said in that case. It makes no difference that one of the joint owners and parties to the petition for sale, sold his interest pending the petition, to Smith, here alleged as one of the beneficiaries. That sale operated to assign to Smith his vendor's share of the purchase money when the pending proceeding should ripen into a sale. That proceeding could only be, and was properly, prosecuted to decree, by and against the parties who owned the land when the petition was filed. The assignment by H. W. Crittenden to Smith did not concern Griel, who afterwards became the purchaser

[Griel v. Randolph.]

under the decree, for the title to be acquired by him, by that purchase, was the same as if Smith had not bought Crittenden's interest. It was, therefore, immaterial that Griel had no notice of Smith's purchase. Nor does the purpose for which Smith bought the interest affect Griel. If his purpose, as suggested by counsel, was to abate the proceeding, and if he had the power to abate it, he did not do so, but suffered it to go on to decree and sale, and Griel bought. Smith's purchase being of the entire interest of H. W. Crittenden, the court, on the distribution of the proceeds of the sale, would properly have distributed to him as assignee, the share of his assignor. He is, therefore, properly alleged as one of the beneficiaries of this action.

If an express, affirmative acceptance of Griel's bid by the court be essential, it is not conceivable how, under the statute which controls the court in making such sales, a plainer acceptance could have been manifested. The court had no power to confirm the sale, for its terms had not been complied with. The commissioner made due report of it. The judge of the court received and marked the report "filed," and put it upon the records of the court; the court ordered that it lie over for ten days for consideration, and the terms still not being complied with, ordered the land to be resold at Griel's risk. The only character in which Griel was presented before the court was as the highest and best bidder at the sale. That character the court recognized and based its further decree upon it, in express terms holding him to the consequences of his failure to make good his bid. Nothing more by way of acceptance could reasonably be required.

If Griel had complied with the terms of sale, he might have been entitled to notice of any proceeding thereafter to set aside his purchase. But he did not, and thereby he took upon himself notice of all consequences which might legally result from his failure. He sent his dereliction to the court to be dealt with as legally might.

The statute does not require that the petition for a sale of lands for division among joint owners or tenants in common shall state the residence of the petitioners. Code, §§ 3253 and 3254.

Affirmed.

[Hillens v. Brinsfield.]

ON APPLICATION FOR RE-HEARING.

HEAD, J.—In support of the proposition last stated, in the foregoing opinion, that it was not necessary for the petition to set out the residence of the petitioners, in order to confer jurisdiction, we refer to what is said on the subject in the opinion filed at this, the November term, 1895, in the case of *Hillens et al. v. Brinsfield*, from Montgomery Probate Court.

Application for re-hearing overruled.