[Oakley *et al.* v. Howison.]

# Oakley *et al. v.* Howison.

*Action against Purchaser at Administrator's Sale. to recover Purchase Price of Lands sold.*

1.  *Action against purchaser at administrator's sale for difference between price bid by him; sufficiency thereof.*—In an action by the heirs of an intestate to recover from a purchaser the difference between the price bid by him at the sales of the intestate's lands for division, a complaint which avers that at the first sale the defendant bid a certain price, which was greater than that bid at the second sale, but that he refused to give sufficient security as required by law and by the order of .the court, and then avers. that "defendant was notified that the administrators would report his sureties as insufficient and worthless to the court," and that defendant was. notified that the court· would not accept such worthless sureties, is insufficient in its averments of notice and is subject to demurrer for insufficiency.

2.  *Same; same.*—In such a case, a count of the complaint which avers a total failure and default on the part of the defendant to give the sureties as required by law and by the order of the court under which the sale of the lands was made, and there was no effort whatever on the defendant's part to comply with such order, it is not necessary to further aver in said count that the defendant had notice of such failure and default; 'and such count of the complaint is not insufficient and subject to demurrer for its ʌailure to aver such notice to the defendant.

3.  *Same; same.*—In such a case, a count ·of the complaint which avers fraud on the part of the defendant in bidding at said sale, in that he never intended to comply with: the terms of the first sale, and he knew that the sureties on the notes he offered were wholly insolvent, and that he gave such notes with the purpose and intention on his part of preventing the confirmation by the court of the sale, and all of this was done in order to compel a resale, whereby he would be enabled to purchase said lands for a much less price, it is not necessary to further aver in said count the service of notice upon the defendant for him to appear in court and

[Oakley *et al.* v. Howison.]

show cause why his first purchase could not be confirmed and a resale should not be ordered; and such count is not subject to demurrer for failure to aver such notice.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

William Oakley died intertate seized of certain lands situate in Bibb county. On application of the administrators of the estate of William Oakley said lands were, by order of the probate court, sold for distribution among the heirs of said William Oakley. The terms of sale were one-half of the purchase money payable in one year from the date of sale and the other one-half payable in two years, the purchase money to be secured by notes with sureties as required by law. At the sale under the order of the probate court one Allen P. Howison bid off the lands at the price of $8.75 per acre and executed his notes for the purchase price, but refused to give sufficient sureties as required. The administrators of the estate of William Oakley, deceased, reported the facts back to the court and also reported the defendant's failure to give the notes with the required sureties. Upon the consideration of said report the probate court held the bid sufficient, accepted it and confirmed the sale, but on account of Howison's refusal to give the notes with the required sureties, the sale was vacated, annulled and set aside and the court ordered said lands resold. The lands were again sold by order of the court and the said Allen P. Howison again became the purchaser of said lands at the second sale, but at a much less price, to-wit, $5.35 per acre, and he gave his notes with proper security as required by the order of the court and received the conveyance to said land. Thereupon the appellants in the present case, Nellie Oakley and others, who were the heirs-at-law of William Oakley, deceased, brought the present suit against Allen P. Howison to recover the difference between the price bid by said Howison at sales of lands for division under the order of the probate court and the expenses of the resale. This is the second appeal in this case. On the first trial of the case there was a verdict for the plaintiffs, and the defendant appealed. After

the remandment of the cause the complaint was amended. As amended the complaint contained seventeen counts. The first and second counts sought to recover only the amount due upon the notes executed by the defendant on the first sale. The third count sought to recover the full purchase price bid at the first sale, without averring a resale. The other counts of the complaint sought to recover the difference between the price bid at the first and second sales, together with the costs. On the present appeal it is only necessary to set out the eighth and seventeenth counts of the complaint.

The eighth count of the complaint, as amended, was as follows: "Eighth count: The plaintiffs claim of the defendant the sum of seven thousand, four hundred and thirty-six ($7,436) dollars, with interest thereon from the 31st day of January, 1887, as damages by reason of the breach of the following contract, to-wit: Plaintiffs aver that they are the heirs-at-law of William Oakley, deceased, who died intestate in the year 1883; that said William Oakley was at the time of his death a resident citizen of Bibb county, Ala., and that during his life he was seized and possessed of a large estate of lands situated in said State and county; that on the 10th day of July, 1883, N. P. Oakley and Fielding Oakley were duly and legally appointed administrators of said William Oakley's estate by the probate court of Bibb county, and that they immediately qualified and entered upon their duties as such administrators; that after they had been duly qualified they filed in the probate court of said county their petitions praying for a sale of the lands of said estate for the purpose of division among the heirs of said estate; that on the hearing of said petition by the said court the lands were decreed to be sold for the purpose of division as aforesaid, in accordance with the prayer of the petitioners, and it was ordered and decreed that said lands be sold at public outcry to the highest bidder on credit, one-half due in one year and the other half two years after date of the sale, and that said amounts be secured by notes with securities as required by law; that due and legal notice of said sale was given; that on, to-wit, the

31st day of January, 1887, said administrators, under and by virtue of the orders and decrees of the court for said purposes, did offer and expose said lands for sale to the highest, best and last bidder, and that the defendant, A. P. Howison, bid off a portion of said lands, to-wit, two thousand and forty (2,040) acres, at the price of eight dollars and seventy-five cents ($8.75) per acre, amounting in all to seventeen thousand eight hundred and fifty ($17,850) dollars, and that said lands were knocked off to defendant at that price, he being the highest, best and last bidder, and on the terms of sale as aforesaid, and that defendant well knew the terms of sale at the time he bid off said lands and had the same knocked off to him as aforesaid; that the defendant did then and does yet refuse and fail to perform his part of said contract of purchase. And did then and has ever since failed and refused to comply with the terms of his said bid; that the said administrators, as required by law, reported back to the court the proceedings of said sale as aforesaid; that the said administrators duly reported to the court the proceeding of said sale, and also reported that the said defendant, although the highest and best bidder at the said sale, had failed and refused to carry out the terms of his said contract of purchase; that the said court accepted the said bid, but on account of the defendant's failure to comply with the terms of the said purchase, the said court vacated and set aside the said sale and ordered the said lands resold on account of the defendant's failure so to comply with the terms of his said bid. (And plaintiffs aver that after said sale was made and before it was set aside because of defendant's failure to give notes with sureties as required by law, for the said purchase price of said lands; ample time was allowed defendant to furnish sufficient sureties on said notes, but he wholly failed so to do. And plaintiffs aver that at the time said notes were given the defendant knew that the sureties thereon were insufficient and worthless. And defendant had notice that the administrators would report to the court that said sureties were insufficient.) That said lands were again offered

[Oakley *et al.* v. Howison.]

for sale by said administrators, by virtue and under the orders and decrees of the court, for the purposes aforesaid; that due and legal notice of said sale was given as required by law for such purposes; and that defendant had notice of all such orders, decrees and notices, and that at the next sale of said lands, as aforesaid, to-wit, on the 4th day of November, 1889, the said defendant again became 'the best, last and highest bidder for said lands, which were knocked off to him as the purchaser, but at a much less price than before, to-wit, at the price of five dollars and thirty-five cents ($5.35) per acre, amounting in all to ten thousand nine hundred and fourteen ($10,914) dollars, being six thousand nine hundred and thirty-six ($6,936) dollars less than his bid at the first sale. The defendant having complied with the terms of the last sale the same was reported back to the court by the administrators as aforesaid, and a deed ordered to be made to the defendant conveying said lands, which was accordingly done, as required by law. And plaintiffs aver that the lands were not resold after the first sale, namely, the sale made on the 31st day of January, 1887, until the 4th day of November, 1889, by and with the consent of the defendant; that in consequence of defendant's failure to comply with his said bid, expenses and costs were incurred necessarily in making resales of the said property to the amount of, to-wit, $500. Wherefore the plaintiffs claim of the defendant the said sum of $7,436 composed of the sum of $6,936 difference in price at which the said lands sold at the first sale and the price at which said lands sold at the resale, and the sum of $500 as expenses and costs of such resale, together with the interest on each of said several sums from, to-wit, the thirty-first day of January, 1887."

The seventeenth count was as follows: "17. Plaintiffs further claim of the defendant the sum of, to-wit, $7,436, with interest thereon from, to-wit, the 31st day of January, 1887, as damages for the breach by defendant of the following contract, to-wit: Plaintiffs aver that they are the heirs-at-law of William Oakley, deceased, who died intestate in the year 1883, and was at the time of his death a resident citizen of Bibb county,

Alabama; that during his life and at the time of his death the said William Oakley was seized and possessed of a large estate in lands situate in said county and in Chilton county, Alabama; that after the death of the said William Oakley, as aforesaid, and on, to-wit, the tenth day of July, 1883, N. P. Oaklay and Fielding Oakley were duly and legally appointed administrators of the estate of the said William Oakley by the probate court of said Bibb county, and that they immediately qualified and entered upon their duties as said administrators; that after they had so qualified and entered upon their duties the said administrators filed in the probate court of said Bibb county their petition praying for a sale of the lands of said estate for the purpose of a division among the heirs of said estate, and that the said petition was due and regular and in accordance with the statutes in such cases made and provided; that on the hearing of said petition by the said probate court the said lands were decreed to be sold for the purpose of division as aforesaid in accordance with the prayer of said petition by said administrators, and it was ordered and decreed that said lands be sold by the said administrator at public outcry to the highest bidder on a credit, one half due in one year and the other half due in two years after the date of the sale, and that said amounts be secured by notes with sureties as required by law; that due and legal notice was given as required by law, and that on, to-wit, the thirty-first day of January, 1887, said administrators under and by virtue of the order and decree of said court, for said purpose, did offer and expose said land for sale to the highest and best bidder, and that defendant bid off a portion of said lands at said sale, to-wit, two thousand and forty acres, at the price of, to-wit, eight dollars and seventy-five cents per acre, amounting in all to, to-wit, seventeen thousand eight hundred and fifty dollars, and that said lands were thereupon knocked off to defendant at that price, he being the highest, last and best bidder, and were so sold to defendant on the terms of sale as aforesaid, and that defendant well knew the said terms of sale at the

time he bid off said lands and had the same knocked
off to him as aforesaid; that the defendant did then
and does yet and has even since refused and failed to
perform his part of said contract of purchase, and did
then refuse and fail and has ever since said sale re-
fused and failed to comply with the terms of his said
bid in this, that he has always refused and failed and
does now refuse and fail to give the notes with sureties
as required by law, in accordance with the terms of
said decree and order of said court and in ac-
cordance with the terms of the said bid for said lands,
for the amount of his said bid, and as according to his
promise when he became said highest bidder for said
lands at said sale he bound himself to do; that the said
administrators, as required by law, reported back to
the said probate court the proceedings of said sale as
aforesaid; and also reported at the same time that the
said defendant, although the highest, last and best bid-
der at said sale, had failed and refused to carry out
the terms of his said contract of purchase, or to com-
ply with the terms of his said bid; that the said defend-
ant, after the said bid was made by him prior to the
making of the said report by the said administrators
to the said probate court, offered to the said adminis-
trators two notes, one for one-half of the amount of
said bid, payable one year after the date of sale, and
the other for one-half of said amount and payable two
years after the date of said sale, but that neither of
said notes, at the time it was offered, nor ever after-
wards, had a surety or sureties as required by law, but
each of them had signed thereto as sureties for defend-
ant the names of only two persons who were
worthless and insufficient as sureties and each
wholly insolvent and worth less than the amount
of his exemptions allowed to them by law (all
of which was, at the time they were offered,
well known to said administrators and to the defend-
ant and to the judge of the probate court of Bibb
county, and defendant well knew it was well known both
to said administrators and to said judge of probate;
that thereupon said administrators declined to accept
said sureties as sufficient upon said notes and informed

defendant prior to making their said report of sale to said probate court that they would, in said report, report and make known to said probate court that the said sureties were wholly insufficient and insolvent and not such as required by law) ; that said administrators did so report said sureties as insufficient and not such as required by law when they made their said report of sale, and on the hearing of said report the said administrators made proof before said court of the said insufficiency of said sureties (and it was well known to the defendant that the said sureties would be and were as aforesaid reported to said probate court as insufficient and not such as required by law, and that proof of the same would be and was made before the said probate court, and that the said probate court had on the hearing of the said report so found and decreed said sureties to be insufficient. And the hearing of said report of said administrators by said court and its determination and decree that said sureties were insufficient were each due and regular and in all things as required by law. And plaintiffs further aver that defendant procured and offered said insufficient, worthless and insolvent sureties on said notes for the purpose of preventing the court from approving them, and for the purpose of procuring said court thereby to annul and set aside said sale; and that defendant at the time he made the said bid for said lands did not intend to comply with the terms of his said bid, but did intend to prevent and avoid a confirmation of said sale at which he bid in said lands as aforesaid, he offering said insufficient sureties and procuring the court to declare them insufficient and to set aside said sale; and plaintiffs further aver that it was the purpose of defendant at the time he made said bid to procure a resale of said lands so that at such resale he might purchase the same at a greatly less price and that to accomplish the said purpose the defendant so offered said insufficient sureties) ; and plaintiffs further allege that the report of sale of said lands to defendant which was made by said administrators to the said probate court came on regularly to be heard in said probate court after the

[Oakley *et al.* v. Howison.]

same had been regularly filed and ordered to lie over
and set for hearing, and that upon the hearing of said
report the said court accepted the said bid of defend-
ant, but declared that the said sureties upon said notes
offered by defendant were insufficient, and on account
of defendant's failure to comply with the terms of said
purchase and on account of his failure to offer suffi-
cient sureties on said notes as required by law, and be-
cause said sureties were decreed and found by said
court to be insufficient, the said court vacated and set
aside the said sale to the defendant and ordered the
said lands to be resold (all of which was done and
procured by and with the consent and at the instance
of the defendant as aforesaid) ; and plaintiffs aver that
due and legal notice of said re-sale of the said lands was
given as required by law for such purposes; that said
lands were again offered for sale by said administra-
tors, by virtue of and under the order and decree of
the probate court as aforesaid, and that defendant had
notice of all such orders, decrees, and notices, and at
the next sale of said lands as aforesaid on, to-wit, the
fourth day of November, 1889, the defendant again
became the highest, best and last bidder for said lands
for which he had bid as heretofore alleged at said first
sale, and the said lands were knocked off to him as the
purchaser thereof, but at a much less price therefor than
at  said  first  sale,  to-wit,  at  the  price  of  five
dollars and thirty-five cents per acre, amounting in
all to ten thousand, nine hundred and fourteen dollars,
being, to-wit, six thousand nine hundred and thirty-
six dollars less than the amount of the bid of defend-
ant at said first sale; and plaintiffs allege that defend-
ant complied with the terms of said last sale; that the
same was reported back to said probate court by the
administrators, and that a deed was ordered by said
court to be made to the defendant conveying to him
said lands, which was accordingly done as required by
law, after the confirmation of said last sale by the
said probate court and due and regular proceedings
therein in reference thereto as required by law.  Plain-
tiffs further aver that the said lands were not resold
after the first sale, namely, the sale made on the thirty-

first day of January, 1887, until the fourth day of November, 1889, by and with the consent of the defendant; and that they aver that in consequence of defendant's failure to comply with the said bid at said first sale, as heretofore alleged, expenses and costs were incurred necessarily in and about the making and conduct of resale of said property under the order of said probate court as aforesaid, to the amount of, to-wit, five hundred dollars. Wherefore, plaintiffs claim of defendant the said sum of $7,436, composed of the sum of $6,936, which is the difference in price at which the said lands sold at the first sale, and the price at which they sold at the said last sale, and the sum of $500, which was the expense of making and conducting such resale, together with the interest on each of said several sums from, to-wit, the thirty-first day of January, 1887."

The defendant moved to strike out the portions of the eighth and seventeenth counts which are within the parentheses, upon the ground that they were irrelevant and immaterial to the case as made by the other portions of the complaint. Each of these motions was granted, and to each of these rulings the plaintiffs separately excepted.

After such portions of the eighth and seventeenth counts were stricken out, the defendant demurred to each of said counts upon the following grounds: 1. That it is averred as a conclusion of the pleader that there was a failure by the purchaser at the first sale to give sureties as required by law, and the facts in reference thereto are not set out . 2. It is not averred that the purchaser had notice that the court held the sureties insufficient or that the purchaser had an opportunity, by proper notice given, to litigate the question as to whether or not the sureties furnished by him were sufficient. . The court sustained the demurrers to each of these counts, and to each of these rulings the plaintiffs separately excepted. Upon issue joined on the counts of the complaint to which demurrers were not sustained, there were verdict and judgment for the defendant. The plaintiffs appeal, and assign as error the several rulings of the court upon the pleadings.

[Oakley *et al.* v. Howison.]

ELLISON & THOMPSON, PETTUS & PETTUS and WATTS, TROY & CAFFEY, for appellant.—There was a sufficient averment of notice to the defendant contained in the several counts of the complaint.—*Howison v. Oakley,* 118 Ala. 241; *Stoudenmire v. DeBardeleben,* 85 Ala. 89; *Nat. Bank v. McDonnell,* 92 Ala. 301; Code, § 3840.

From the time jurisdiction was conferred on the probate court to decree the sale of lands of an estate for division, such sales required its confirmation and order for a deed before a deed could be made. The court retained jurisdiction and the cause remained *in fieri* until the administrators were ordered to make a deed. *Wallace v. Hall,* 19 Ala. 367, and cases cited; *Cruikshank v. Luttrell,* 67 Ala. 322, and cases cited; *Doe v. Hardy,* 52 Ala. 291.

Not only is the whole matter one which remains *in fieri* until the administrators are ordered to make a deed, but it is one of a class of which the probate court had plenary jurisdiction.—*Perkins v. Winter,* 7 Ala. 864.

Sales of land for division in the probate court are judicial sales, and governed by the general principles applicable to judicial sales.—*Cruikshank v. Luttrell,* 67 Ala. 321-2, and cases cited; *Perkins v. Winter,* 7 Ala. 868; *Hutton v. Williams,* 35 Ala. 517; *Lindsay v. Cooper,* 94 Ala. 178; 12 Ency. Pl. & Pr., 7 and 8; *Worthington v. McRoberts,* 9 Ala. 297; *Noland v. Barrett,* 122 Mo. 181; 43 Am. St. Rep. 572.

The purchaser at a judicial sale from the time of the purchaser becomes a party to the cause and remains so until every step is taken to complete his title, and he is entitled to litigate every question arising affecting the title; he has the right to enforce in the cause his right to the title, and to object to every step sought to be taken to deprive him of it. Judge Brickell practically recognized on the former appeal (pp. 240-1) that the purchaser became a party when stating that he had the right upon compliance with his bid to demand a confirmation of his sale.—*Haralson v. George,* 56 Ala. 297; *Aderholt v. Henry,* 82 Ala. 452; *Penn. Mut. Co. v. Creighton,* 51 Neb. 659; *Mosby v. Hunt,* 9 Heisk. 675; *Blackmore v. Barber,* 2 Swann 242; *Yerky v. Hill,* 16

Tex. 382; *Blossom v. R. R. Co.*, 1 Wall. 655; *Hughes v. Swope*, 88 Ky. 257; *Griel v. Randolph*, 108 Ala. 604. This rule is specially applicable to probate court sales of lands of a decedent, because the proceeding is *in rem.—Friedman v. Shamblin*, 117 Ala. 454; *Perkins v. Winter*, 7 Ala. 864; *Pettus v. McClannahan*, 52 Ala. 55; *Wyman v. Campbell*, 6 Porter 232.

LOGAN & VANDEGRAAFF, *contra*, cited *Howison v. Oakley*, 119 Ala. 241.

DOWDELL, J.—Some of the questions presented on the present appeal were determined and settled on a former appeal in this case in a well considered opinion by BRICKELL, C. J.—*Howison v. Oakley et al.*, 118 Ala. 215. We see no reason for departing from what was there decided,and, therefore, adhere to the principles laid down in that opinion. In what we may have to say on the present appeal, we do not wish or intend to repeat what was said on the former appeal further than is proper and necessary, owing to the changes made in the present record by amendments of the pleading since the remandment of the cause under the first appeal. All that was said in regard to the necessary averments of notice on the former appeal, we here approve and reiterate. Since the remandment of the cause, the complainants have attempted by amendments of the various counts of the complaint to conform to what was heretofore said as to the necessary averments of notice to the purchaser at the sale of the subsequent proceedings of the court in ordering a resale of the lands. The question now is whether the counts as amended sufficiently aver notice.

These amendments are substantially to the effect that, "defendant was notified that the administrators would report his sureties as insufficient and worthless to the court;" that, "defendant was notified that the court would not accept said worthless sureties."

The object and purpose of notice to defendant is to give him his day in court, and to that end the opportunity of a hearing upon any and all questions affecting

his rights and interests, and to this end he should be apprised of a definite time and place of such hearing. It needs no argument to demonstrate that the notice averred in the amended counts was wholly insufficient to this end. A mere declaration by the administrators of what they intended to report to the court is not sufficient notice to the defendant of a day for a hearing in court, and construing the pleading under the familiar rule, against the pleader, the averment that the defendant was notified that the court would not accept the sureties given by him was nothing more than a speculation as to the future decree of the court. We feel, therefore, constrained to hold that the averments of notice as contained in the amended counts are still insufficient.

Counsel for appellant seem to think that the doctrine laid down in the opinion on the former appeal in this case is in conflict with the decision in the case of *Griel v. Randolph*, 108 Ala. 604. Upon a careful review of the two cases, we cannot agree that there exists any conflict between them. The facts in the two cases are essentially different. The principles laid down in *Griel v. Randolph* were approved and reaffirmed on the former appeal in this case. In the former case, the purchaser made no attempt whatever to comply with the terms of the sale and his bid, and wholly defaulted. In such case it was held that by the failure and the default he sent his dereliction into court to be dealt with as legally might, and was, therefore, not entitled to notice of the court's action in setting aside the sale and ordering a resale. In the present case, however, the facts disclosed by the averments in some of the counts of the amended complaint show that the purchaser did not wholly fail and default, but on the contrary executed his notes with sureties, which the administrators refused to accept as being in compliance with the terms of the sale, because of the insolvency of the sureties. And the question upon the report and hearing was as to the sufficiency of the surety, with the consequent right of the purchaser, after a determination by the court of their insufficiency, to comply with the terms of the sale and his bid by giving other and sufficient surety.

[Oakley *et al.* v. Howison.]

There are other questions, however, presented on this appeal which were not presented and considered on the former appeal. After the remandment of the cause, as stated above, amendments of various counts were made, to which the defendant filed motions to strike certain parts and also demurrers. A motion was made to strike portions of the 8th count relating to the ineffectual attempt of the defendant to comply with the terms of the sale and his bid in that he gave his notes with insufficient sureties, and also as to that part relating to averments of notice of the intention of the administrators to report the insufficiency of such sureties, which said motion was sustained by the court. And after sustaining the motion, a demurrer by the defendant was filed to the count as it then stood. Eliminating from the 8th count the portions stricken on motion of the defendant, as this count then stood, when the demurrer was interposed, the averments were not of an ineffectual attempt to comply with the terms of the sale, but a total failure and default on the part of the defendant without any effort whatever to comply, thus leaving the count with averments of a substantial cause of action under the principles laid down in *Griel v. Randolph, supra.* As the count then stood, no averment of notice was necessary to the defendant, and the court erred in sustaining the demurrer.

Again, in addition to the amendments above referred to, which were made to the several counts since the remandment of the cause, the complaint was likewise amended by the addition of several other counts, among which we need only consider the 17th count, to which the argument of counsel for appellant is specially directed. This count presents the case in a wholly different phase from that which was presented on the former appeal. This count contains averments of fraud on the part of the defendant in bidding at said sale. It is averred that he never intended to comply with the terms of the sale and his bid when he made the same; that he well knew that the sureties on the notes which he offered were wholly insolvent and that he procured and gave the same with a purpose and intention on his

part of preventing the confirmation by the court of the sale; and that all of this was done and such means were so employed by the defendant in order to compel a resale whereby he might be enabled to purchase these identical lands for a greatly less price. If these averments be true, then it is clear that the defendant could not stand upon any higher or better ground than one who makes no effort to comply with his bid but wholly defaults. If guilty of fraud, as averred in the complaint, he has no rights in the premises to be protected. The service of notice to appear in court to show cause why his purchase should not be confirmed and a resale should not be ordered, under such state of facts, would be wholly unavailing, since the fraud averred was made up in part of a purpose and intention on the part of the bidder to defeat a confirmation of the sale. The intervening fraud dispensed with the necessity of notice, and it became the duty of the court to order a resale at the risk of such bidder. The court, we think, erred in striking from the 17th count these averments as to fraud, and in sustaining the demurrer to said count. What we have said above, in connection with what was said on the former appeal, we deem sufficient for the purpose of another trial without consideration of the assignments of error in detail; especially since some of them raise questions which are practically nothing more than an application for a rehearing upon some of the questions decided upon the former appeal.

For the errors pointed out, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.