# Keaton *v.* Terry.

*Bill in Equity for Partition of Lands, or Sale for Distribution.*

1. *Partition between tenants in common, or sale for division.*—Partition of lands between tenants in common is matter of right, even though it may cause inconvenience or injury to one or more of them; but a sale of the land for distribution or division will not be decreed, against the objection of one or more of them, without averment and proof that a fair and equitable partition can not be made.

APPEAL from the Chancery Court of Coffee.
Heard before the Hon. JOHN A. FOSTER.

J. E. P. FLOURNOY, for appellant.

W. D. ROBERTS, *contra*.

COLEMAN, J.—Partition is a matter of right, and this right can not be defeated by showing that a partition would cause inconvenience, or even injury, to the tenants in common, or some of them. By reason of the extensive powers of a court of chancery in suits for partition, a case will seldom arise where a court of chancery, through the principle of owelty, or some other appropriate order, can not make an equitable partition.—*McEvoy v. Leonard*, 89 Ala. 457; Freeman on Co-tenancy and Partition, §§ 433, 507.

[Keaton v. Terry.]

It is equally well settled that a sale of lands for distribution is not a matter of unconditional right.—*Deloney v. Walker*, 9 Porter, 500. If one tenant in common prefers a sale of land for distribution, and his co-tenants object, a sale can not be decreed except upon allegations and proof that the property can not be fairly and equitably partitioned. The right of partition of lands, and right to have lands sold for purposes of distribution, do not rest upon the same facts, and the averments which may be sufficient in the one case will not support the other. There may possibly be exceptional cases, where a partition can not be made without, or, if attempted, might result in a total loss or destruction of the property, to which the general rule would not apply.

The pleadings are carelessly drawn, and materially inconsistent and repugnant. At the close of the first paragraph of the bill, and after the lands are described, it is averred that "they can not be fairly and equitably divided without a sale." The prayer of the original bill is, that "if said lands can not be equally and equitably divided between those entitled, then they pray for a decree for the sale of said lands," &c. The prayer of the bill as first amended is, that the "court decree a partition or sale of said land as prayed for in the original bill."

The cause seems then to have been submitted, on bill and answer, for a decree in vacation. The answer of some of the respondents disclosed an adverse holding as to a part of the lands described in the bill, and the chancellor properly held, he could not proceed further in the then condition of the pleadings. In his opinion in which the reason is assigned for setting aside the submission, the chancellor stated "this is not a bill to sell the land for division, it is for partition;" and under section 3251 the submission was set aside, and the parties claiming adversely were ordered to litigate the disputed title before a jury.—*McMath v. Debardeleben*, 75 Ala. 68.

The bill seems to have been amended again, January 8th, 1889, in which it is distinctly averred of the lands, "that the same can be equitably and fairly partitioned between complainants and respondents;" and the prayer is for a decree *partitioning* said lands among those entitled, in accordance with the *prayer of the original bill.*

The Chancery Court evidently regarded the bill as one for partition. This not only appears so from that part of the opinion quoted, but the power to refer the disputed fact of title adversely held, for decision to a jury, is not conferred in cases where the bill is filed to sell lands for distribution, but only in cases of partition.—Code, §§ 3588, 3262, 3253, 3251; *McEvoy v. Leonard, supra*. No evidence whatsoever is offered,

[Lake View Mining & Manufacturing Co. v. Hannon.]

which tended to show that the lands could not be fairly and equitably divided without a sale.. In fact no depositions were taken in the case.   The respondents by their answers objected to, and contested, both a sale and partition.   If the bill be regarded as a bill to sell the land for distribution, the failure to prove that the same could not be fairly and equitably divided, defeated the right of complainants to have a decree for the sale of the land.   If the bill be regarded as one for partition only, then the pleadings did not authorize a sale of the lands for distribution.   Upon a bill filed to sell lands for distribution, a mere conclusion of the pleader that the same can not be "fairly and equally" partitioned is subject to demurrer, unless the description of the property given, or the facts in relation-thereto averred, are such as to show *prima facie* the conclusion is fairly inferable from the facts averred.   The lands of a tenant in common can not be sold against his consent, to gratify the preference or caprice of a co tenant.   To authorize the sale of the lands of a tenant in common who objects to the sale, at the suit of a co-tenant, the necessary averments and proof must be made, showing the lands can not be equitably partitioned.—89 Ala. *supra*.   In any aspect in which the case. may be viewed, the court was not authorized to decree a sale of the lands for distribution, or decree partition by a sale.

Reversed and remanded.