[Stein *et al.* v. McGrath *et als.*]

# Stein, *et al.* v. McGrath, *et als.*

*Bill in Equity for Division and Accounting.*

1. *Bill by tenant in common for sale for division; when right exists.*—Under the satute (Code, §§ 3166, 3187) one tenant in common may file a bill in equity for sale for the purposes of division when it is alleged and shown that the property in question can not be equitably divided, and this is true whether the title be legal or equitable.

2. *Same; accounting.*—In such case where the court acquires jurisdiction for the purpose of division it may, as incidental to the relief sought, call upon the tenant who has been in possession and enjoyment of the common property for an accounting for the profits derived from the use and enjoyment thereof.

3. *Arbitration; res adjudicata; decision on demurrer.*—Upon a bill filed involving the validity of certain arbitration proceedings, it was held upon demurrer that the same were void, a dismissal of the bill followed, and from this decree no appeal was taken. *Held*: That such decree was an adjudication of the rights of the parties binding upon all courts.

4. *Grant of water privileges by municipality for term of years; effect thereof; right of purchase.*—Where a municipality grants the privilege of supplying water to its inhabitants for a term of years, and longer, unless the right to purchase the plant with the franchise after the expiration of such period, upon certain conditions, is exercised, the property and franchise remain with the grantee and does not revert to the city until such conditions have been fulfilled.

5. *Bill in equity for sale for division; effect of purchase pendente lite.*—Upon a bill filed by a tenant in common for sale for division, a party who purchases the property pending the suit, takes it subject to the litigation, nor does such purchase defeat the rights of other parties to the cause to have the same proceed to a final determination just as if there had been no purchase, since the purchaser is bound by whatever decree is rendered.

6. *Same; disposition by complainant of their interest pending suit; cross bill.*—The sale by complainants in such a bill of their interests pending the litigation does not defeat the suit where one of the defendants has filed a cross-bill seeking the same relief.

[Stein *et al.* v. McGrath *et als.*]

7. *Same; same; abandonment of cross-bill.*—The respondent in such a case who makes his answer a cross-bill does not abandon the latter by a statement in the answer to the effect that he will not insist upon his cross-bill if he can obtain the same relief under the original bill when complainants in the original bill may have defeated their suit by a sale of their interest and the cause is submitted for decree upon the cross bill as well as upon the original bill.

8. *Equity pleading; special defense; how raised.*—Under the statute (Code, § 699), all special defenses may be incorporated in the answer but in order to take advantage of any special defense, an independent plea must be incorporated in the answer or separately filed so that the attention of the opposite party may be called to it, and the opportunity given to take issue upon it or test its sufficiency.

9. *Same; replication; irresponsive matters set up in answer not by way of special plea; effect.*—Since under the statute (Code, § 701), a replication is unnecessary in chancery pleading, facts not responsive to the bill, that are set out in the answer not by way of special plea are superfluous and do not require any action from the complainant.

10. *Non-resident complainant in cross bill; security for costs.*—The complainant in a cross-bill who is a non-resident, is not required to give security for costs.

11. *Transcript upon appeal; improper matter.*—Where a bill in equity has proceeded to a final decree from which an appeal is taken, an original bill in the nature of a supplemental bill of revivor filed by one not a party to the decree from which the appeal was taken is improperly incorporated in the transcript, especially where no action was taken upon such bill.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by Anna R. McGrath and Emma Gordon against Louis Stein, Walter Wood and others to settle an alleged partnership between the complainants and respondents in the Mobile City Water Works. Walter Wood filed a cross-bill denying the partnership, alleging that the parties were tenants in common of the property and praying for a sale of the same for division. Subsequently the original bill was amended so as to change its character to conform to the allegations of the cross-bill, and prayed for a sale for division and accounting with respondent Louis

[Stein *et al.* v. McGrath *et als.*]

Stein, who had been in possession and enjoyment of the common property. The respondent and complainant in the cross-bill, Walter Wood, was a non-resident of the State, and motion was made, but denied, to require him to give security for costs. In an amendment to his answer and cross-bill Wood stated that he would not insist upon his cross-bill provided he could get the same relief under the original bill as amended. The answer of Louis Stein and other respondents except Wood set up, among other things, that the complainants in the original bill had, since the filing of the same, disposed of all their right to the property in question to the respondent Wood. This answer also averred that the City of Mobile owned the property in question by virtue of certain arbitration proceedings, and also because of a certain contract between Albert Stein and the City of Mobile, by which the city granted him the privilege of supplying water to its inhabitants for the period of twenty years, at the expiration of which time the city reserved the right to purchase the plant at its value, to be fixed by arbitration. But it was shown that the arbitration proceedings were held invalid, as to Wood, complainant in the cross-bill, by the United States court at Mobile in a suit of the City of Mobile against Walter Wood, the cause being decided upon a demurrer to the bill, decision sustaining the same being followed by a dismissal. It also appeared that Stein and his accociates, under whom the parties to this cause hold, claim not only the privilege of supplying water to the city for a period of twenty years, but afterwards and until the right to purchase was exercised by the city in accordance with the terms of the grant. It was further alleged in the answer of said respondents that the City of Mobile had acquired the interests of certain of the respondents pending the litigation. The facts relative to the change of interests pending the litigation were merely stated in the answer—not being specially pleaded nor incorporated in the answer by way of special plea. The respondent Louis Stein had had the possession and enjoyment of the property for many

12

years. It was shown that the property could not be equitably divided. The cause was submitted upon the pleadings and proof including the cross-bill of respondent Wood, and a decree rendered ordering a sale for division, ascertaining the interests of the parties and also for an acccounting from Louis Stein for his use and enjoyment of the property. From this decree respondent Louis Stein appeals in the name of all the defendants. The respondents, Louis Stein, Fritz Stein and Ella Davenport, assign for error separately and severally the final decree in said cause and also the various other rulings adverse to them. The other facts necessary to an understanding of the opinion may be found therein.

L. H. & E. W. FAITH, for appellants.

BESTOR *and* GRAY and R. H. CLARKE, for appellee Walter Wood.

FRED. G. BROMBERG, for appellee Anna R. McGrath.

DOWDELL, J.—The bill, as originally filed, had for its purpose the settlement of a partnership, and in this connection, the sale of certain property therein described. Walter Wood, one of the respondents, answered the bill, denying the existence of any partnership, but averring in his answer that the property was owned and held by the said parties as tenants in common. This answer was made a cross-bill, and prayed for a sale of the property for partition and division among the joint owners, and also for an accounting by the respondent, Louis Stein, as the managing tenant in common of the same. Subsequent to the filing of the cross-bill, the original bill was so amended as to conform to the averments in the answer and cross-bill of Wood as to the joint ownership of the property, and also praying for partition and division and for an accounting. The bill as thus amended, as well as the cross-bill, presents the simple case of a bill by tenants in common for a sale of property for division among

them. That they have a right as tenants in common
so to have it sold and divided cannot be doubted.
Code, §§ 3161, 3187. The only two witnesses exam-
ined on the subject testify that the property in ques-
tion cannot be equitably partitioned or divided with-
out a sale. This being true, and the right to sell de-
pending upon whether the property can be equitably
divided, this branch of the case seems to be clearly
established.—*McGrath v. DeBardcleben,* 75 Ala. 68;
*Donner v. Quartermas,* 90 Ala. 164; *Keaton v. Terry,*
93 Ala. 85. It is also a well established principle that
a court of equity may decree a partition whether the
title is legal or equitable.—*Hillens v. Brinsfield,* 108
Ala. 605; *Johns v. Johns,* 93 Ala. 239; see also cases
cited under section 3187 of the Code. There can be
no objection that an accounting is asked for from the
alleged managing tenant in common. Aside from other
considerations as to the right of the parties to have a
bill in equity under certain circumstances for an ac-
counting, the court acquiring jurisdiction for the pur-
pose of partition and division, in order to do full and
complete justice, will settle all rights between them
connected with the subject-matter.—*West v. West,* 90
Ala. 458.

It is, however, set up by Louis Stein and others by
an amendment to their answer, filed October 17th,
1898, that the city of Mobile owns all the property in
question. The statement and insistence is, (1) that
by arbitration proceedings the city had acquired
Wood's interest, which was over half the interest in
the property; (2) because, as it is claimed that at
the expiration of twenty years from the date when the
rights and franchises were granted to Stein and others,
to-wit, the 7th day of January, 1841, the city of Mo-
bile from and after said date owned said property and
the title thereto, and that afterwards Stein and his
associates only held it as tenants at will of the city.
See Acts, 1840-1841, p. 53.

As to the first proposition, viz., that by arbitration
proceedings the city had acquired Wood's interest in
the property, the transcript of the record in the case
of the *City of Mobile v. Walter Wood,* from the circuit

court of the United States, for the southern district of Alabama, shows that the decree in that case held such arbitration proceedings to be void, and as inoperative to convey to the city any title to any part of Wood's interest. This decision, which still stands and has not been appealed from, and until reversed by a higher court of appeal is a judicial determination of that question, is conclusive as to the parties and binding on other courts. It makes no difference that the decree was rendered on a demurrer to the bill, since the demurrer was a confession of the facts as stated in the bill, and having been directed to the equities of the bill, based on the facts as averred, was tantamount to a decree on the merits upon a final submission.

As to the second proposition stated above, viz., that the title to the property and the rights and franchises granted to Stein and his assigns, reverted to the City of Mobile after the said date of January 7th, 1861, and that Stein and his assigns only held the property as tenants at will of the city, seems not now to be an open one, since it has already been adjudicated and settled by this court, and adversely to such contention, in the case of the *Mayor of Mobile v. Stein, Executor,* 54 Ala. 23. In that case it was said by this court: "The city reserved no property in itself in respect to which it could exercise the rights of a landlord. It only stipulated for the right to repurchase the water works at their value. * * * Whose is this valuable property? Does it belong to the city of Mobile? No one can doubt that it belongs to Stein, the appellee, and that the city of Mobile can acquire it only by purchase, according to the terms of its agreement and charter." See also in this connection the case of *Nat'l Water Works Co. v. Kansas City,* 62 Fed. Rep. 853, where this very question is also decided adversely to the contention of appellants.

To the proposition that the city of Mobile had acquired title to part of the property, as stated in the amendment to the answer, from certain of the defendants mentioned, the reply is that this transaction occurred subsequent to the filing of the bill, *lis pendens,*

and after the lien and rights of parties had been fixed. As was said in *Morton & Bliss v. N. O. & Selma Railway Co.,* 79 Ala. 605 : "Whoever purchases property *pendente lite* takes it subject to the hazard of the pending litigation. The decree against the parties litigant is equally binding against all such purchasers. The unanswerable reason of the rule is that otherwise chancery suits would be absolutely interminable at the mere option of the litigants, who would be able, by collusion or otherwise, to protract litigation forever by the single devise of repeated and successive transfers from one to another." See also *Ala. Warehouse v. Jones,* 62 Ala. 550; *Parsons v. Johnson,* 84 Ala. 254; *Farmers & M. Nat. Bank v. Schuster,* 52 U. C. Ct. of Appeals, 612-620. Moreover, it may be observed that the city of Mobile has not asked to come into the cause as a party thereof, but it is merely suggested by the answers of the defendants.

It is also urged by appellants in their amendment to answer, filed Jan. 21, 1898, that the complainants in the original bill had sold out their interests in the property, and therefore had no right to continue the cause. The fact that Mrs. McGrath, or Mrs. Gordon, had sold out to the city, or any other person, *lis pendens,* would not of itself operate an abatement of the cause.—*Greil v. Randolph,* 108 Ala. 601; *Morton & Bliss v. N. O. & S. R'y, supra.* The rights of Walter Wood, respondent in the original bill, and complainant in the cross-bill, could not be prejudiced by such transactions.

It is insisted that the complainant Wood, in the cross-bill, in his answer to the amendment of the original bill, abandoned his cross-bill. We do not so undestand the case. It is true that he stated in his answer to the amendment to the original bill that he would not insist upon his cross-bill if he could obtain the relief sought by it under the original bill as amended; and the very contention of appellants, that the sale by the complainants in the original bill of their interests in the property operated to abate the cause, would naturally remit the respondent Wood to his cross-bill for the relief sought, since it is conceded in argument that the dismissal of the original bill

would not have necessarily carried out the cross-bill. Moreover, as an evidence of the fact that there was no abandonment of the cross-bill, it was submitted upon in the submission for final decree.

We do not think there is any merit in the contention that the respondents were entitled to a dismissal of the bill because the statements made in the amendments to the answers as to the transfer of interests by the complainants, or as to an ownership of a part interest in the property acquired by the city of Mobile subsequent to the filing of the suit, were sustained by the evidence. This defense was not set up by way of independent plea, nor was it incorporated in the answer as a plea, and for that reason the rule laid down in *Tyson v. Decatur Land Co.,* 121 Ala. 414; 26 So. Rep. 507, is without application. It is true a defendant may incorporate all matters of defense in his answer, and is not required to plead specially in any case.—Code, § 699. Yet if he wishes to take advantage of the principle laid down in *Tyson v. Decatur Land Co., supra,* he must do so by independent plea incorporated as such in the answer, or separately pleaded. By so doing, the attention of the party is called to it, when he may take issue, or test its sufficiency by other proper pleading. If it were otherwise, and the rule laid down in *Tyson v. Decatur Land Co., supra,* could be applied to answers to bills in chancery, where, by express provision of the statute, no replication is necessary (Code, § 701), equity and justice would not infrequently be prejudiced or sacrificed by a defendant's proving some immaterial fact stated in an answer. This rule of chancery pleadings and practice as laid down by the elementary writers cited in *Tyson v. Land Co.* was confined to pleas, and cannot be applied to answers. Nor does the fact that the defendant may under the statute "incorporate all defenses in his answer" change the rule. The statute does not abrogate the old rule, but is only permissive. The matter set up in the amendments to the answer of respondents is not matter of defense such as to require an amendment to the

bill.—*Lanier v. Hill,* 30 Ala. 111; *American F. L. M. Co. v. Dykes,* 111 Ala. 178; *Planters & Merchants Ins. Co. v. Selma State Bank,* 63 Ala. 585; *Smith v. Vaughan,* 78 Ala. 201.

There is no merit in the contention that the respondent, Wood, being a non-resident, should be required, upon filing answer and cross-bill, to give security for costs.

The respondent Stein, having been in the use, possession and enjoyment of the property, is accountable to his cotenants in common for such management and their proportions of the profits thereof.—*Johns v. Johns,* 93 Ala. 239; *Donner v. Quartermus,* 90 Ala. 164.

We find in the record, as part of the transcript, a bill filed by the City of Mobile "as an original bill in the nature of a supplemental bill of revivor," against Walter Wood, Louis Stein and others, which appears on its face to have been filed several days after the decree appealed from in this case was rendered, and only fourteen days before the appeal here was sued out. There was no action taken by the chancery court on this bill, and we care to take no further notice of it than to say that we are unable to see for what purpose it was made a part of the transcript.

We find no error in the decree of the chancellor, and the same is affirmed.