# Gandy v. Cowart.

### Trover and Case.

(Decided June 30, 1909.—50 South. 355.)

*Trover and Conversion; Issues; Evidence.*—Where a mortgagee of a tenant sues the landlord in trover and case for a conversion of the crop, and destruction of the lien, and the plea is the general issue, the landlord may show that he had applied the proceeds of the property upon sums due him by the tenant for provisions furnished, and to the payment of a note secured by him to a third person for advances for the previous year claimed to constitute a lien upon the property.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Robert A. Gandy sued Charles Cowart in trover for converting certain crops, and in case, for the destruction of his mortgage lien under the same. Upon the admission of certain evidence, plaintiff took a nonsuit with bill of exception. Affirmed.

S. J. DARBY, for appellant.—The landlord's lien cannot be shown under the general issue. It must be specially pleaded.—Sec. 5331, Code 1907, and cases cited.—*Petty v. Dill*, 53 Ala. 641.

E. V. JONES and FELIX SMITH, for appellee.—No brief came to the Reporter.

MAYFIELD, J.—Appellant, as mortgagee, sued appellee in trover to recover damages for the conversion of a lot of corn and cotton, and in case for the destruction of plaintiff's lien upon the same property. The corn and cotton was raised by a tenant of defendant during the year 1907. To the complaint the defendant pleaded the general issue alone. The plaintiff proved that he held a mortgage upon the property for $100, which was unpaid, that defendant had acquired the property from the mortgagee and converted same to his own use, and that the defendant's rent had been paid by the mortgagor, and rested his case.

The trial court, over the objection of plaintiff, allowed the defendant to prove that he (defendant) applied the proceeds of the property taken to the payment of the demands due the landlord on account of provisions and supplies furnished the tenant, and to the payment of a note secured by the defendant to a third party for advances for a previous year, which defendant claimed constituted a lien upon the property in question. The plaintiff objected to the introduction of each part of the evidence, and excepted to the various rulings of the court allowing it, and moved the court to exclude same. The court overruled plaintiff's objections and motions, to which he excepted; and in consequence thereof the plaintiff suffered a nonsuit, reserving such rulings for decision by this court in a bill of exceptions as provided under section 3017 of the Code.

The trial court was not in error as to these rulings. The evidence was admissible under the pleadings and general issue. It did negative the material allegations of the complaint. Such evidence is admissible under the general issue in an action of trover.—*Barrett v. City of Mobile,* 128 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54. The judgment is affirmed, on the authority of the above cases.

Affirmed.

DOWDELL, C. J., and DENSON and SAYRE, JJ., concur.