SIMPSON v. GRAND BAY LAND CO.
(1 Div. 46.)

(Supreme Court of Alabama.   Dec. 19, 1918.)

EQUITY ⬦195—INTERPLEADER ⬦1—CROSS-BILL—PROPRIETY.

A cross-bill which sought relief, affirmative in character, to which purpose it brought in another claimant, than the complainant, of funds, with respect to liability for which it entered denial, was appropriate and not subject to demurrer, and the use of the term "interplead" in the prayer did not give it the character of a bill of interpleader.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill by J. M. Simpson against the Grand Bay Land Company. From an order overruling a demurrer to a cross-bill, the complainant appeals. Affirmed.

Gregory L. & H. H. Smith, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

McCLELLAN, J.   The original bill, filed by Simpson, appellant, against the Grand Bay Land Company, a corporation, seeks the collection of commissions, based upon a percentage, on money paid from time to time to the corporation on sales of land belonging to the corporation, under a written contract stipulating therefor, and to this end that an accounting may be had and in its aid that discovery be made of the several amounts paid, from time to time, to the corporation, by purchasers, on sales made by the complainant; the averment being that the complainant is without knowledge of the sums so paid, and without other means of ascertaining the basic fact by which the amount of his compensation under the contract is measurable.

The respondent answered the bill to these effects: That the contract set out in the original bill was entered into by the parties, asserting a mistake as to the true date of its consummation; that complainant was engaged to make two different characters of sales of its land, on commissions, one of "orchards" and the other of undeveloped lands; that upon sale of "orchard" lands he was to receive 50 per cent. of the first $500 collected, and 10 per cent. upon the balance until his total commissions of 20 per cent. upon the total had been paid, and that his commissions on the undeveloped land should be paid at the rate of 50 per cent. on all cash received from the sale until his commission of 20 per cent. upon the total had been paid in full; that the contract set forth in the bill did not include "orchard" land, only undeveloped lands; that the commissions for sales of "orchard" land should be paid in accordance with the true agreement as averred in the answer; that because of the failure of purchasers to pay in full the difference between the two measures of commissions, for the two distinct subjects of sales, effects to make a considerable difference in the amount of commissions to become due complainant; that it is not true that complainant made all the sales listed in the second paragraph of the bill; that he, in fact, made only a few of them, they being mentioned; that, with the exceptions indicated, all sales were, in fact, "made by J. D. Clark, who had been employed as agent of this respondent" under a contract executed by the complainant for and in the name of the respondent, and that Clark now claims commissions thereunder; that the purchase money of the sales has not been fully paid, and some of the sales were canceled for nonpayment of installments; and that complainant has been paid all commissions accruing on sales made by him.   Other pertinent allegations appear in the original answer, but they need not be repeated here.

By amendment of the original answer, its averments were amplified and extended, as will later appear, and the whole answer was constituted a cross-bill, with J. D. Clark and complainant as respondents, to which the court overruled the complainant's demurrer: this action being the entire subject of complaint in the assignments of error.

The amendment, constituting the amended answer a cross-bill, added these averments, among others not now necessary to note: That Clark brought an action against the cross-complainant to recover $554.97 to cover commissions on sales that the complainant claims in the original bill; that the cross-complainant brought complainant Simpson as a party thereto, by process of interpleader, and "thereupon the said J. D. Clark

and J. M. Simpson [complainant] entered into a contract," a copy of which is exhibited (B) with the cross-bill; that "by the terms of this contract [i. e., Exhibit B] complainant stipulated that this respondent [cross-complainant] should pay the said J. D. Clark, as it matured, all commissions which had been earned by him while working under the contract which was entered into by the said J. D. Clark, and the said J. M. Simpson, in which J. M. Simpson claims to have been acting for himself, and in which J. D. Clark claims that the said J. M. Simpson was acting for the Grand Bay Land Company," the cross-complainant. The prayer includes this:

"And this cross-complainant does further pray that the said J. M. Simpson and the said J. D. Clark may interplead, and that this honorable court will determine to whom such commissions as have been earned do in fact belong, and to whom this respondent is to pay the same, and that it may be so decreed that this respondent may be allowed to pay such commissions as it in fact owes, and at the same time protect it against any danger of double liability, and that this cross-complainant may have such other and further relief as it may be entitled to receive, the premises considered, as in duty bound it will ever pray."

The agreement referred to in the cross-bill as "Exhibit B" reads:

"It is hereby agreed and contracted by and between the plaintiff, J. D. Clark, and the claimant, J. M. Simpson, as follows:

"1. That the clerk of the law and equity court of Mobile shall pay over to the said J. D. Clark the sum of five hundred fifty-four and 97/100 ($554.97) dollars, which has been deposited in court by the Grand Bay Land Company, and that the Grand Bay Land Company shall further pay the said J. D. Clark, as it matures, all commissions which have been earned by him while working under the contract which was entered into between the said J. D. Clark and the said J. M. Simpson, in which J. M. Simpson claims to have been acting for himself and in which said J. D. Clark claims that the said J. M. Simpson was acting for the Grand Bay Land Company.

"2. That the defendant will enter a nonsuit in this cause and one-half of the costs shall be paid by the plaintiff and one-half by the claimant.

"3. That the proceedings in this cause shall never be pleaded or urged by the said J. M. Simpson as a res adjudicata or as an admission by the Grand Bay Land Company in any subsequent litigation that may come between the said J. M. Simpson and the Grand Bay Land Company.

"4. That if it should hereafter be determined that the Grand Bay Land Company is indebted to the said J. M. Simpson, then all payments made under this agreement, including both the moneys deposited in court and all commissions accruing on account of sales made by the said J. D. Clark while working under said contract, and which shall be paid over to him under this agreement by the Grand Bay Land Company, shall be credited upon the indebtedness so ascer-

tained to be due from the Grand Bay Land Company to the said J. M. Simpson just as if the said moneys had been paid to the said J. M. Simpson by the Grand Bay Land Company."

We assume, in the light of the positive averments of the amended answer, constituting the whole a cross-bill, that Exhibit B was signed by Simpson and Clark, though in the record signatures are omitted. The substantial points taken by the complainant's demurrer are these: That the cross-complainant's pleading not only does not admit, but denies, liability for the subject of the accounting sought; that this pleading does not aver Clark's claim to the whole of the commissions sued for; and that it is disclosed by the cross-complaint that Clark only claims liability against cross-complainant "to the extent of the commissions due him under a contract with complainant [i. e., Simpson] by complainant, either individually or as a representative of the cross-complainant"; and it further appears therefrom "that the complainant has authorized" cross-complainant "to pay such commissions to that extent out of the moneys due to complainant [i. e., Simpson] by the defendant [i. e., cross-complainant]."

The cross-bill under consideration is, in its general nature, of the type this court described as of the second class in Bell v. Mc-Laughlin, 183 Ala. 548, 551, 62 South. 798. It seeks for the cross-complainant relief, affirmative in character, to which purpose it brings in another claimant (than the complainant) of funds with respect to liability for which it enters denial. Notwithstanding the use of the term "interplead" in the prayer, the cross-bill is not strictly a bill of interpleader; the relief desired is not that merely protective of a stakeholder, though it does possess elements or characteristics that are found in such bills. Darden's Adm'r v. Burns' Adm'r, 6 Ala. 362, 364, 365; Hayward v. McDonald, 192 Fed 890, 892, 893, 113 C. C. A. 368; Gibson v. Goldthwaite, 7 Ala. 281, 288, et seq., 42 Am. Dec. 592. Accordingly, the first objection, spoken by the demurrer, is not well taken.

Since the purpose of courts of equity is to consummate the complete determination and adjustment of all related questions and rights that may be properly concluded by an appropriate decree in a single cause, it is quite clear that, in view of Clark's asserted relation to or interest in the subject-matter, at least in part, of the orginal bill, to the parties in some of the sales involved, and his individual claim of compensation for sales made by him, a claim which the complainant, Simpson, denied in Exhibit B, a cross-bill, bringing in Clark as a party respondent thereto (Sims' Chan. Prac. § 641), was an appropriate method to finally, effectually conclude, in one proceeding, all is-

sues with respect to which all three of these parties have, individually, litigable rights.

The court properly overruled the demurrer to the cross-bill.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.