179 So. 520

## SMITH v. COLPACK.

### 6 Div. 109.

Supreme Court of Alabama.

Jan. 27, 1938.

Rehearing Denied Feb. 24, 1938.

Further Rehearing Denied March 17, 1938.

514

L. Herbert Etheridge, of Bessemer, for appellee.

McEniry & McEniry, of Bessemer, for appellant.

FOSTER, Justice.

This is a bill filed by one Colpack against appellant, and seeks the sale of land for division, alleging that complainant owns a six-sevenths interest, and that respondent owns an one-seventh interest.

Respondent filed an answer and cross-bill, which, as amended, is subject to review on this appeal. He alleges that he owns a four-sevenths interest, and that Marvin Cargile of Miami, Fla., and Zula Winstead of Bessemer, Ala., are reputed to claim some right, title, or interest in said real estate, and ·calls upon them to set forth and specify such interest. It also sought an allowance for repairs, and an adjudication of the nature of the right of· each of the parties in the premises.

Complainant demurred to the cross-bill. Cargile and Winstead did not demur. The demurrer of complainant to the cross-bill was sustained, and cross-complainant appeals.

We are therefore confronted with the sufficiency of the cross-bill in so far as the rights of complainant are concerned. Besides a general ground going to the equity of the cross-bill, the demurrer is based on grounds that there is a misjoinder by bringing in the additional parties, and seeks to litigate their rights with cross-complainant in which the original complainant, made a party to the cross-bill, is not interested.

It is the latter claim which is argued in briefs, so that is what we will consider. The contention is in two aspects: (1) That

in such a suit, parties not alleged to have an interest may not be joined at all; and (2) that respondent may not by cross-bill do so, even though it might have been done in the original bill.

This court has held that in a suit in equity for the sale of land for division a party claiming an interest may be brought is so as to quiet the title. Thomas v. Skeggs, 218 Ala. 562, 119 So. 610; Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Leddon v. Strickland, 218 Ala. 436, 118 So. 651.

But it is argued that this cannot be done by a statutory cross-bill, under section 6550, Code.

True, we have held in several cases that such a cross-bill could not bring in new parties and make new issues with them in which complainant had no interest. Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768; Behan v. Friedman, 216 Ala. 478, 113 So. 538; Lowery v. Rosengrant, 216 Ala. 364, 113 So. 237; Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223. But the Legislature has amended section 6550, Code, as to the rule so declared by providing that a cross-bill may bring in any other party who would be a proper party to the matter in controversy. Act approved March 1, 1937, page 208, Gen.Acts 1936–37, Ex.Sess.

That amendment is here controlling.

Moreover, the objection could not be made by complainant, even though they were improperly joined, or the allegations on which relief against them is based, were insufficient for that purpose. Such claim is only available to the parties against whom relief is sought. Davidson v. Rice, 207 Ala. 285, 92 So. 474; Norwood v. M. & C. R. Co., 72 Ala. 563; Ware v. Curry, 67 Ala. 274; Robison v. Robison, 44 Ala. 227.

The decree sustaining the demurrer to the cross-bill is reversed, and one here rendered overruling it.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

Counsel for appellee have called our attention to the fact that the Act of March 1, 1937, referred to in the foregoing opinion, became effective a few days after the decree on demurrer to the cross-bill was entered, and, therefore, after the filing of the cross-bill and demurrer to it. This was an oversight on the part of this writer, and requires an additional treatment of the subject in so far as that statute has application.

The rule which is generally approved and recognized in this state is that a statute dealing with procedure applies to all actions, including those pending. Dickson v. Alabama M. & S. Co., 18 Ala. App. 164, 89 So. 843, certiorari denied 206 Ala. 698, 89 So. 922. But when a change in the law is made pending appeal, or after a decree is entered from which an appeal is taken, the effect of such change is differently treated by different courts, but a study of them seems to indicate that the difference is affected often by the nature of the change. Such change will not affect vested rights. 4 Corpus Juris 1119, § 3109; 5 Corpus Juris 1310, § 1841; 3 Am.Jur. 668.

When the change in the law does not relate to procedural matters, this court held without discussion that it does not apply, especially to the creation of a remedy which is the assertion of a new equitable power. Jenkins v. Raulston, 214 Ala. 443, 108 So. 47.

We think with them that changes in procedural matters made in the law should be given effect on appeal, though made pending appeal when no rights are thereby injuriously affected.

With this enlargement of the question we are still of the opinion that the amendment to the statute is here controlling.

We are also still satisfied that the demurrer of the complainant to the cross-bill for bringing in unnecessary and improper parties is not well taken for that such claim should be made by the party so unnecessarily joined, unless the pleadings show in some manner that by doing so the rights of complainant will be affected injuriously. In this cross-bill, the third parties are brought in to quiet their asserted claim of interest, and no other relief is prayed as to them. This is quite material, and ought to be to the benefit of complainant as well as respondent. It is within the jurisdiction of the court in this sort of case, and highly important. Thomas v. Skeggs, 218 Ala. 562, 119 So. 610. It does not bring forward a controversy which

does not concern the complainant on the issue of ownership of the land. In such cross-bill nothing could be litigated to the prejudice of complainant who is also a party and can have his rights incident to such additional parties fully protected.

The authorities which we have cited support our conclusion there stated that if there is an improper joinder of parties, they alone may take advantage of it, at least unless some other party can show by the pleading a personal prejudice by reason of it.

Application overruled.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.