180 So. 264

**PATTON et al. v. BIRMINGHAM TRUST & SAVINGS CO.**

8 Div. 853.

Supreme Court ρf Alabama.

March 3, 1938.

Rehearing Denied April 21, 1938.

W. W. Malone, of Athens, and S. A. Lynne, of Decatur, for appellants.

Smyer, Smyer & Bainbridge, of Birmingham, and J. G. Rankin, of Athens, for appellee.

BROWN, Justice.

This appeal is from the interlocutory decree of the circuit court overruling the demurrer filed by the complainant in the original bill and the new party defendant, brought in by the answer, which was made a cross-bill, under section 6550 of the Code 1923, as amended by the act approved March 1, 1937, General Acts, 1936–37, Ex. Sess. p. 208.

The original bill is filed by the appellant, R. B. Patton, as mortgagor debtor, against the Birmingham Trust & Savings Company, as the executor of the will of L. C. Hightower, deceased, and seeks an accounting and redemption under the equity of redemption, and to enjoin the foreclosure of the mortgage executed by the complainant and his wife, Irene F. Patton, to said Hightower, deceased.

The complainant submits himself to the court's jurisdiction and offers to do equity. In the mortgage made exhibit to the bill, and by reference made a part of the answer, it is recited that: "The said Irene F. Patton, wife of the said R. B. Patton, hereby expressly releases and conveys all rights of dower and homestead in and to said premises covered by the mortgage."

The original bill alleges, in short, that the complainant has paid large sums of money on the mortgage debt, and that he had rendered professional services to the said Hightower in his lifetime, which Hightower agreed to credit on said debt, and when the payments made in money and services are applied, the amount so paid will equal or exceed the indebtedness due under the mortgage. That the defendant denies that any credits were due to be made for the services rendered by him, and is claiming a large sum due on the mortgage. That the accounts between complainant and said Hightower in his lifetime were mutual, and are complicated.

The answer filed by the defendant admits that some payments were made in money to. Hightower during his life, but that they were insufficient to discharge the debt. It neither admits nor denies that professional services were rendered by complainant to Hightower, but denies that there was any agreement to credit such services as payment on the mortgage, and also denies that the accounts between complainant and said Hightower, the mortgagee, were mutual or complicated.

The answer alleges that defendant is the duly appointed and qualified executor of the will of the said L. C. Hightower, who is now deceased; that it, as such executor of said Hightower, deceased, is the owner of the mortgage and the indebtedness secured thereby, "a copy of which is made Exhibit 'A' to the original bill"; that said mortgage was executed by the complainant, R. B. Patton, and Irene F. Patton, his wife, who is over 21 years of age and resides in Limestone county, Ala.; that there is a balance on said mortgage debt in a large sum, to wit, $3,600; that the indebtedness secured by said mortgage is long past due and the mortgagors are in default, and the condition in the mortgage has been broken; and said mortgage is subject to foreclosure and should be foreclosed after the balance due on the indebtedness secured thereby has been ascertained.

The answer is prayed to be made and considered a cross-bill, and that the complainant and the said Irene F. Patton be made parties thereto; that the balance due on the mortgage debt be ascertained, together with a reasonable attorney's "fee for collection"; and that the mortgage be foreclosed.

The insistence here is that under the settled procedure in such cases, the defendant can obtain all the relief to which it is entitled, under the complainant's offer to do equity, and the cross-bill is wholly unnecessary and merely serves to incumber the record and accumulate unnecessary costs of court. Haralson et al. v. Whitcomb, 200 Ala. 165, 75 So. 913, is cited as supporting this contention.

In a long line of decisions reaching back through more than a half of a century, this court has held that where a defendant in a bill in equity can obtain all the relief under his answer to which he is entitled, he cannot maintain a cross-bill. Gilman, Sons & Co. v. New Orleans & Selma Railroad Company and Immigration Association, 72 Ala. 566, 579; Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223. This doctrine was applied by the court in Haralson et al. v. Whitcomb, supra, cited by appellant, to a bill filed by a mortgagor for accounting and redemption under his equity of redemption, and has recently been reiterated and affirmed in Hinds et al. v. Federal Land Bank of New Orleans, ante, p. 360, 179 So. 194.

Prior to the amendment of section 6550 of the Code by the act cited at the head of this opinion, it has been consistently held that it was not permissible to bring in new parties by a statutory cross-bill. Behan et al. v. Friedman et al., 216 Ala. 478, 113 So. 538; Lamar v. Lincoln Reserve Life Ins. Co., supra. And this rule of procedure was reaffirmed in a well-considered opinion in Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768, three of the justices dissenting.

Subsequent to decisions in the last-cited case the act amending section 6550 of the Code was passed, and rule of the amended statute was applied in Smith v. Colpack, ante, p. 513, 179 So. 520, recently decided.

Prior to the amendment of this statute, if a necessary party was not made a party to the bill, the course open to the defendant was to demur, if on the face of the bill such omission was apparent, or plead the facts showing that the party omitted was a necessary party, if the omission of the necessary party did not appear on the face of the bill, or await final submission on the merits and suggest such omission in argument. If on final hearing it appeared that a necessary party was omitted, the court would either dismiss the bill or require the complainant to amend. Lamar v. Lincoln Reserve Life Ins. Co., supra.

The statute, as amended, opens a new course which allows the defendant to bring in the party omitted by the statutory cross-bill. Smith v. Colpack, supra.

The defendant could not obtain full relief and cut off the dower and homestead right of Mrs. Patton without bringing her in as a party defendant, and under the statute as amended, Gen.Acts, 1936–37, Ex. Sess., p. 208, this was permissible. See Davis et al. v. Taylor-Lowenstein & Co., 158 Ala. 227, 47 So. 653.

The fact that the cross-bill prays for allowance of attorney's fees not warranted by its averments does not render it demurrable. Wilks et al. v. Wilks, 176 Ala. 151, 57 So. 776.

The foregoing is sufficient to indicate that we are of opinion that the demurrer to the cross-bill was not well taken and was properly overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.