77 So.2d 667

**Orilla Lang ADAMS et al.**

v.

**MATHIESON ALABAMA CHEMICAL CORPORATION.**

1 Div. 581.

Supreme Court of Alabama.

Nov. 4, 1954.

Rehearing Denied Feb. 10, 1955.

W. Dewitt Reams, Pillans, Reams, Tappan, Wood & Roberts, Mobile, and Grady W. Hurst, Jr., Chatom, for appellee.

Granade & Granade, Chatom, for appellants.

CLAYTON, Justice.

This appeal by complainants and cross-respondents below is from the action of the trial court in overruling their motion to strike and their demurrer to the cross-bill of appellee.

Appellants, on February 15, 1952, filed their bill of complaint in the Circuit Court of Washington County, in Equity, in which they averred that they were joint owners

or tenants in common of certain lands therein described. The bill further averred that the lands had been seized and possessed by one Henry Lang, also known as Henry Starke, who died intestate in Washington County sometime prior to 1920; that title to said lands descended to his heirs at law immediately upon his death and that there were born to him eight children, all of whom have since died intestate leaving heirs who are the present owners of said lands; that complainants are heirs of said Henry Lang. The bill named as parties-respondent "the remaining heirs of Henry Lang also known as Henry Starke", Aaron Adams, for the reason that "Ike Coleman a grandson who inherited an undivided one-eighth interest in· said property, has heretofore sold and conveyed to one Aaron Adams, either a portion or all of his interest in the said property", and Mathieson Alabama Chemical Corporation, a corporation, for the reason that "Mathieson Alabama Chemical Corporation, a corporation, owns or claims to own some undivided interest in and to the said lands." The bill further avers that complainants have built homes on the· lands with their own individual funds and have occupied them for many years, and in the division of the lands they seek to be allotted parts which will give to each a portion of the lands which will include the home occupied by him. The bill further avers that "it is to the best interest of all joint owners or tenants in common, as hereinabove set out and referred to, that the lands hereinabove described shall be partitioned by metes and bounds." In addition to the foregoing request for relief contained in the body of the bill, the formal prayer of the bill, among other matters not here pertinent, prays:

"2. That this Honorable Court shall first ascertain and decree the present joint owners or tenants in common to the lands described in this bill of complaint and shall determine the exact share held and owned by each tenant in common thereof.

*    *    *    *    *    *

"4. And if in aught complainants are mistaken in the relief prayed for herein, then may it please this Honorable Court to grant unto complainants such other, further and different reliefs as under the allegations of this bill of complaint, complainants may be entitled to receive, and as to your Honor they may be entitled to receive, and as to your Honor may seem meet."

Respondent Mathieson Alabama Chemical Corporation filed an answer and cross-bill listing the names of 164 heirs of Henry Lang and their respective interests or inheritances from Henry Lang or Henry Starke. These inheritances or shares vary in sizes from one-fortieth to one-two thousandths of the estate, some are subject to life estates, some are in reversion and some are royalty interests only. Cross-complainant also makes parties-respondent to the cross-bill the heirs of C. C. Steinberger, who are residents of Texas and unrelated to Henry Lang by blood or race. The cross-bill alleges that C. C. Steinberger was grantee in a deed from some twelve heirs of Henry Lang (including all of the original complainants save one) which purported to convey an undivided one-half interest in all the oil, gas and other minerals in the Henry Starke property. Appellee also averred in paragraph No. 9 of cross-bill that "at the time of filing this cross-bill" said respondent was owner of undivided interests in the lands as follows: $\frac{1}{40}$ plus $\frac{1}{40}$ plus $\frac{1}{160}$ plus $\frac{1}{160}$ plus $\frac{1}{64}$, all subject to royalty reservations, and of an undivided $\frac{1}{200}$ in fee simple.

Argument for reversal is rested upon two propositions: First, cross-complainant could have obtained all relief under the original bill to which it is entitled and therefore no necessity exists for the cross-bill, for which reason the motion to strike should have been granted and the demurrer which challenged the equity of the cross-bill should have been sustained. Second, that aspect of the demurrer of cross-respondent which was directed to paragraph No. 9 of the cross-bill should have been sustained, which paragraph averred the extent of the ownership of cross-complainant in the land at the time of filing of the cross-bill rather than at the time of filing

of the original bill. The theory of appellants' case is that the court should have undertaken to bring into court by process such of the remaining heirs of Henry Lang as possible, and as to those remaining unknown, publication should have been made under Tit. 47, § 196 of the Code; that the trial court should have undertaken to partition the lands in kind in accordance with the prayer of the original bill of complaint and that if the evidence adduced on the trial or the report of the commissioners should satisfy the court that partition in kind could not equitably be made, then the court should, without further pleadings by any of the parties, ex mero motu order a sale of the lands by virtue of Tit. 47, § 201, of the Code. Appellants make the further argument that the original bill, by slight amendment, can be made to contain a prayer that in the event the lands cannot equitably be partitioned in kind, that they be sold for division of the proceeds of sale.

We treat first the question whether the cross-bill is appropriate and proper in the present situation. In Latimer v. Milford, 241 Ala. 147, 150, 1 So.2d 649, 650, we have held:

"A cross-bill is proper when it sets up new matter not in the original bill and prays for affirmative relief, or presents the same subject matter in a different aspect; or, as otherwise expressed, to obtain relief for any cause connected with or growing out of the bill. Section 6550, Code, as amended by Act of March 1, 1937, General Acts 1936–37, page 208; Emens v. Stephens, 233 Ala. 295, 172 So. 95; Smith v. Maya Corporation, 227 Ala. 6, 148 So. 621; Davis v. Anderson, 218 Ala. 557, 119 So. 670. [The following cases are supportive of the text contained in this paragraph: Nowell v. Nowell, 255 Ala. 107, 50 So.2d 270; Collins v. Collins, 252 Ala. 517, 41 So.2d 388; Hermione Lodge No. 16, Knights of Pythias of Decatur v. Grand Lodge, Knights of Pythias of Ala., 248 Ala. 473, 28 So.2d 166, 168 A.L.R. 948; Peoples Sav. Bank v. Southern Cotton Oil Co., 245 Ala. 398, 17 So.2d 177.]

"But a cross-bill will not be entertained when the party filing it can obtain full relief in the process of adjudicating the issues tendered by the original bill. Wood v. Amos, 236 Ala. 477, 183 So. 639; Becker Roofing Co. v. Meharg, 223 Ala. 163, 134 So. 864.

"True, the original bill could have been amended to set up the matter contained in the cross-bill, and this was done after the cross-bill was filed. But the original bill would not be appropriate to relief when the facts are as alleged in the cross-bill. The cross-bill did bring forth new matter in respect to the subject of the original bill, presenting that subject in a new light involving different equitable procedure and rights. It was not within the issues made in the original bill, and an amendment of it was necessary to bring forward such new matter there set out. The relief as prayed for in the cross-bill was not available on the facts alleged and prayer contained in the original bill. The demurrer to the cross-bill as a whole was properly overruled." Supportive of the text contained in this paragraph are the following cases: Dean v. Griffith, 257 Ala. 67, 57 So.2d 545; Chafin v. Chafin, 254 Ala. 36, 47 So.2d 202; Collins v. Collins, supra; Arledge v. Chilton County, 237 Ala. 96, 185 So. 419; Patton v. Birmingham Trust & Savings Co., 235 Ala. 586, 180 So. 264; Hinds v. Federal Land Bank of New Orleans, 235 Ala. 360, 179 So. 194.

In Patton v. Birmingham Trust & Savings Co., 235 Ala. 586, 588, 180 So. 264, 265, supra, it was held:

"The statute, as amended, opens a new course which allows the defendant to bring in the party omitted by the statutory cross-bill. Smith v. Colpack, supra [235 Ala. 513, 179 So. 520]." Equity Rule 26, Code 1940, Title 7, Appendix.

It is to be noted that Section 6550 of the Code of 1923, referred to in the above cases, has since been incorporated into

the Code of 1940 as part of Equity Rule 26.

Section 201 of Title 47 of the Code relied upon by appellants as providing all necessary relief to appellee without the necessity of a cross-bill is a part of the Chapter governing partition in Probate Courts. Section 186 of said Title, which relates to partition in the Circuit Courts in Equity is quoted as follows:

> "§ 186. Jurisdiction of circuit court to divide or sell for division.—The circuit court shall have original jurisdiction to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of complainant or sets up adverse possession or not; *and the court in exercising its jurisdiction shall proceed according to its own practices in equity cases.*" [Emphasis supplied.]

We have a long line of decisions in this jurisdiction which set forth certain fundamentals, which are controlling in partition cases in equity courts. Among these are:

> "Partition of land between tenants in common is a matter of right, but the alternative right to have the land sold for division is statutory, and as basis for the latter relief it must be proven that a fair and equitable partition in kind of the lands cannot be made. Hall v. Hall, 250 Ala. 702, 35 So.2d 681; Keaton v. Terry, 93 Ala. 85, 9 So. 524." Meador v. Meador, 255 Ala. 688, 53 So.2d 546, 547.

> "In order, however, for the chancery court to sell land for division among joint owners, it must be averred and proven that it cannot be equitably divided. Berry v. Tenn. Co., 134 Ala. 618, 33 So. 8; McMath v. DeBardelaben, 75 Ala. 68. * * *" Smith v. Hill, 168 Ala. 317, 322, 52 So. 949, 950; Meador v. Meador, supra; Martin v. Carroll, 235 Ala. 30, 177 So. 144; Roy v. Abraham, 207 Ala. 400, 92 So. 792, 25 A.L.R. 101; Kelly v. Deegan, 111 Ala. 152, 20 So. 378; Keaton v. Terry, 93 Ala. 85, 9 So. 524; McEvoy v. Leonard, 89 Ala. 455, 8 So. 40.

■ The original bill of complaint in the case at bar contains no allegation that the land cannot be divided equitably without a sale thereof. Without this allegation, the relief sought by the cross-bill cannot be obtained under the original bill of complaint. Smith v. Hill, supra, and other cases cited just above.

■ Moreover, in the case before us new parties, the heirs of C. C. Steinberger, whose presence is necessary to the granting of complete relief, are brought in by the cross-bill, which under the present rule is sufficient justification for a cross-bill seeking affirmative relief. Equity Rule 26, Code 1940, Tit. 7, Appendix, supra; Patton v. Birmingham Trust & Savings Co., supra; Smith v. Colpack, 235 Ala. 513, 179 So. 520; Simpson v. Grand Bay Land Co., 202 Ala. 293, 80 So. 358.

■ There is a dictum in the case of Berry v. Tennessee & Coosa Railroad Company, 134 Ala. 618, 33 So. 8, that a bill for partition may be framed so as to seek alternatively sale for division. The original bill in the case before us was not so worded, and as to the argument that by slight amendment it might have been made to pray for the relief sought by the cross-bill, suffice it to say that it might not have been so amended by the respondent and cross-complainant. And a defendant may not obtain affirmative relief in equity unless he does file a cross-bill for that purpose. Johnson v. Green, 259 Ala. 511, 66 So.2d 768; Hawkins v. Snellings, 252 Ala. 238, 40 So.2d 704; Farmers' State Bank v. Kirkland & Brackin, 200 Ala. 146, 75 So. 894.

■ Although the original bill contains a prayer for general relief, such relief as might properly be granted thereunder must necessarily be limited by the allegations of the bill, and in the present state of the bill, sale for division could not be decreed, because of the absence of an averment that the lands cannot be equitably divided in kind. Smith v. Hill, supra.

This court has uniformly held:

> "Bills in chancery must set forth, not the evidence but every material

averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. Allegations, admitted or proved, are the only premises which will uphold a chancery decree." McDonald v. Mobile Life Ins. Co., 56 Ala. 468, 470; Majors v. Killian, 230 Ala. 531, 534, 162 So. 289; Goodman v. McMillan, 258 Ala. 125, 61 So.2d 55; McCarty v. Robinson, 222 Ala. 287, 131 So. 895; Jackson Realty Co. v. Yeatman, 219 Ala. 3, 121 So. 415; Pate v. Hall, 220 Ala. 411, 125 So. 650; Chambliss v. Derrick, 216 Ala. 49, 112 So. 330.

"No principle is better settled than that every material fact essential to relief must be averred as well as proved, and want of allegations is as fatal as failure of proof." McCarty v. Robinson, 222 Ala. 287, 288, 131 So. 895, 896, supra.

The decree, of the Circuit Court in Equity, overruling the motion to strike the cross-bill is not comprehended within the statute providing for appeals from interlocutory decrees and will not support an appeal. Title 7, Section 755, Code of Alabama 1940.

However, appeal is the proper method of bringing to this court for review a decree of the circuit court overruling a demurrer to a cross-bill. Title 7, Section 755, supra. But in view of what has been stated above, that aspect of the demurrer which challenged the equity of the cross-bill was overruled without error.

There remains for consideration paragraph 9 of the cross-bill, to which demurrer was directed on the basis that it sets forth the ownership of the property by appellee at the time of filing the cross-bill rather than at the time of filing the original bill.

Assuming, without deciding, that paragraph 9 presents an aspect, the legal effect of transfer of title to property lis pendens is declared as follows:

" 'Whoever purchases property pendente lite takes it subject to the hazard of the pending litigation. The decree against the parties litigant is equally binding against all such purchasers. The unanswerable reason of the rule is that otherwise chancery suits would be absolutely interminable at the mere option of the litigants, who would be able, by collusion or otherwise, to protract litigation forever by the single devise of repeated and successive transfers from one to another.' * * *.

" * * * The rights of Walter Wood, respondent in the original bill and complainant in the cross bill, could not be prejudiced by such transactions." Stein v. McGrath, 128 Ala. 175, 181, 30 So. 792, 794; Chapman v. York, 212 Ala. 540, 103 So. 567; Perrine Sawmill Co. v. Powell, 211 Ala. 620, 101 So. 389; Harsh v. Wald, 205 Ala. 526, 88 So. 844; Johnson v. Gartman, 173 Ala. 290, 55 So. 906.

"It makes no difference that one of the joint owners and parties to the petition for sale sold his interest pending the petition to Smith, here alleged as one of the beneficiaries. That sale operated to assign to Smith his vendor's share of the purchase money when the pending proceeding should ripen into a sale. That proceeding could only be, and was properly, prosecuted to decree by and against the parties who owned the land when the petition was filed. The assignment by H. W. Crittenden to Smith did not concern Griel, who afterwards became purchaser under the decree, for the title to be acquired by him by that purchase was the same as if Smith had not bought Crittenden's interest. * * * Smith's purchase being of the entire interest of H. W. Crittenden, the court, on the distribution of the proceeds of the sale, would properly have distrib-

172

uted to him, as assignee, the share of his assignor. He is therefore properly alleged as one of the beneficiaries of this action." Griel v. Randolph, 108 Ala. 601, 603–604, 18 So. 609, 611.

■ But the cross-bill, without paragraph 9 thereof, is sufficiently complete inasmuch as paragraphs 8 and 10 sufficiently allege the joint ownership of the property and quantum of interest owned by cross-complainant and cross-respondents. And paragraph 9 showed the quantum of present ownership for purposes of distribution of proceeds of sale, if indeed the evidence adduced on the hearing should disclose a variation thereof since the filing of the original bill. Griel v. Randolph, supra. Under these circumstances, overruling of this aspect of the demurrer was free from error.

In view of the foregoing, it results that the decree of the trial court is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.