· (92 South. 474)

**DAVIDSON v. RICE et al. (8 Div. 367.)**

(Supreme Court of Alabama. April 6, 1922.)

**1. Quieting title ☰34(1)—Amended bill held sufficient to authorize relief sought.**

Where bill to cancel deed as cloud on title and to quiet title was amended by striking two joint complainants and striking the allegations of their claim and possession of tracts for which their relief was asked and asking equitable relief for remaining claimant as to tract of land claimed by him by prayer to cancel deed as cloud on his title, *held* sufficient to authorize the relief sought.

**2. Equity ☰117—Improper joinder of parties as respondents cannot be raised by defendant.**

Where parties were alleged to be improperly joined as respondents to a bill to cancel a deed and to quiet title as having no interest in the litigation between complainant and defendant, objections to their joinder is personal to them, and cannot be raised by defendant.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by J. Henry Davidson against W. B. Rice and others to cancel a deed as cloud upon title and to quiet title. From a decree sustaining demurrers to the amended bill, the complainant appeals. Reversed, rendered, and remanded.

See, also, 201 Ala. 508, 78 South. 862; 206 Ala. 226, 89 South. 600.

The original bill was filed by J. Henry Davidson, Charles Davidson, and John Jaggers, and sought to quiet their several titles to three separate tracts of land, respectively, as against the respondent W. B. Rice. Demurrers were interposed to the bill and sustained on the ground that the bill exhibited no such community of interest in the subject-matter of the suit as to authorize its joint prosecution by the three complain-

---

ants named. See Davidson v. Rice, 201 Ala. 508, 78 South. 862.

The bill was later amended by striking out Charles Davidson and John Jaggers as complainants and adding them as respondents; by striking out the allegation of their claim and possession of the two several tracts first referred to, and by showing that the respondent Rice claims title to the tract in possession of J. Henry Davidson by an alleged conveyance dated February 16, 1916, from John R. Davidson, which deed is charged to be either a forgery or procured by fraudulent representation as to its nature and subject-matter and void as to the grantor and his subsequent vendees; by showing that on May 15, 1917, John R. Davidson conveyed to complainant the tract claimed by him; by showing that on August 22, 1916, said John R. Davidson conveyed to Charles Davidson and John Jaggers, respectively and severally, the tracts referred to in the original bill as claimed and possessed by them, in each case reserving the possession and use in the grantor until his death; that at the time of the filing of the bill John R. Davidson was living, but has since died; that said Charles Davidson and John Jaggers are heirs at law of said John R. Davidson, and as such have a common interest in the cancellation of said void deed under which said Rice claims; by adding to the prayer of the original bill a prayer for the cancellation of said deed to Rice as a cloud on complainant's title.

A later amendment alleges that complainant is a son and an heir at law of said John R. Davidson, and that the said deed to said Rice contains in its grant other lands which are now in the actual possession of Charles Davidson and John Jaggers. No relief is sought against Charles Davidson and John Jaggers.

The respondent again demurred to the amended bill because it constituted an entire change of the cause of action and seeks other and different relief than that prayed for in the original bill, and because there was a misjoinder of parties respondent.

Street & Bradford and W. C. Rayburn, all of Guntersville, for appellant.

The amended bill does not make an entire change of cause of action. Section 3126, Code 1907; 201 Ala. 508, 78 South. 862; 202 Ala. 291, 80 South. 356; 90 Ala. 470, 7 South. 920; 102 Ala. 276, 14 South. 663, 48 Am. St. Rep. 37; 117 Ala. 344, 23 South. 30. Rice cannot raise the objection that Davidson and Jaggers were improperly joined as parties respondents, as it is a matter personal to them. 91 Ala. 375, 8 South. 290; 67 Ala. 274; 85 Ala. 56, 4 South. 140. Davidson and Jaggers are not without subject-matter in the suit. 1 Street's Fed. Equity Prac. §§ 425, 426; Sim's Chanc. Prac. §§ 171, 234, 261.

John A. Lusk & Son and D. Isbell, all of Guntersville, for appellees.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1] As amended, the bill of complaint contains allegations sufficient to authorize the relief sought, viz. the cancellation of the deed purporting to have been executed by John R. Davidson to W. B. Rice on February 16, 1916, as a cloud on complainant's title to the tract of land claimed by him, and the quieting of his title thereto; the one relief being incidental to, and in aid of, the other.

[2] Conceding, without deciding, that Charles Davidson and John Jaggers are improperly joined as parties respondent to the bill as amended, and that they have no interest whatever in the litigation between the complainant and Rice, the objection to their joinder is personal to them, and cannot be raised by Rice. Bolling v. Vandiver, 91 Ala. 375, 8 South. 290; Campbell v. Davis, 85 Ala. 56, 4 South. 140.

Manifestly the case made by the amended bill for cancellation of the deed referred to does not change the primary purpose and equity of the bill, which is to effectually quiet complainant's title; no relief being sought against the added parties respondent.

It may be that a furtive purpose of the amended bill is to secure a res judicata as to the deed in question in favor of these added parties respondent as against the respondent Rice, which would be effective in any future litigation between them. But however that may be, and whether or not an adjudication in favor of the complainant establishing the invalidity of the deed as to him would be effective in favor of the other respondents, under the state of the pleadings exhibited, that question cannot be now determined on demurrer to the bill.

We hold, therefore, that the trial court erred in sustaining the demurrer to the bill as last amended, and the decree appealed from will be reversed, and one here rendered overruling the demurrer.

Reversed, rendered, and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.