199 So. 242

**WEIR et al. v. PARTRIDGE et al.**

**1 Div. 115.**

Supreme Court of Alabama.

Dec. 19, 1940.

Jas. E. Duggan, of Mobile, for appellants.

Dan T. McCall, Jr., and Smith & Johnston, all of Mobile, for appellees.

**THOMAS, Justice.**

The bill is for the sale of real property and division of the proceeds among the joint-owners. Incidental features thereof are the necessity for construction of a family agreement, followed by possession, touching the joint real property (the homestead) and for accounting in the ascertainment of the respective rights, titles and interests of the joint-owners.

This court has considered and approved agreements of partition of real property held jointly as "family arrangements," when the possession was taken thereunder in Betts et al. v. Ward, 196 Ala. 248, 72 So. 110; Yarborough's Adm'r v. Avant, 66 Ala. 526, 631, and Oliver v. Williams, 163 Ala. 376, 50 So. 937.

The averments of the bill are sufficient to indicate all the parties in interest. The sixth and seventh paragraphs of the bill are:

"The complainants further show that by the terms and provisions of the said instrument marked Exhibit 'A', upon the marriage of either of the three daughters of Charles Steele Partridge, namely, the said Mary H. Partridge, Elise L. Partridge and Bertha S. Partridge, as named therein, then such of them as marry thereupon cease to have the right to live upon and receive any share of the rents of said property; so long as any of them remain unmarried and such of them as remain unmarried were to have. the exclusive right to live upon the property or to rent it out and to receive and use the rents therefrom at the same time keeping the property up and paying all taxes thereon. Said instrument marked Exhibit 'A' further provided that upon the death or marriage of any of the said daughters or upon the marriage of all of those who may survive them, the said property described therein should be sold and the proceeds therefrom divided equally, share and share alike, among the parties signing said instrument, namely, Daniel W. Partridge, Thaddeus J. Partridge, John H. Partridge, Mary H. Partridge, Elise L. Partridge, and Bertha S. Partridge, or their heirs or assigns, the heirs or assigns of such as may die to take the part or share of the one they represent. As hereinabove averred, the said Mary H. Partridge and Elise L. Partridge have died without having contracted marriage, while the respondent Bertha S. Weir married, thus bringing to pass the contingency as set forth in said instrument marked Exhibit 'A' by which the real property described therein was to be sold and the proceeds distributed, but, notwithstanding, the said real property still remains unsold.

"7. The complainants further show that the respondent Bertha S. Weir has been in possession and enjoyment continuously of the said property from, to-wit, the 5th of October, 1939, and has collected the rents, profits and income derived from the use and enjoyment thereof."

The pertinent words of the agreement exhibited are:

"That Whereas, the said Charles S. Partridge, on the 17th day of June, 1892, made and executed his last will and testament, which is now being propounded for probate, which said will was made during the life time of the wife of said Charles S. Partridge, And Whereas, after the execu-

tion of said will the wife of said C. S. Partridge died, and said C. S. Partridge then on the 17th day of November, 1894, made a deed conveying to his three daughters, viz: Mary H., Elise L., and Bertha S., his homestead place on Government St. in the City of Mobile, Ala. and which said deed is attached to this agreement and made a part thereof. But said deed was not to take effect and was not to be recorded until after his, said C. S. Partridge's, death, And, Whereas, it was the intention of said C. S. Partridge in making said deed, that the property thereby conveyed should be treated only as an advancement, to his said three daughters, so long as they remained unmarried as a home for such of them as remained unmarried; that is to say, so long as said daughters or either of them remained unmarried, *such of them as remained unmarried,* should have the use and benefit of said homestead to live upon or to rent out and to receive and use the rents and income, therefrom for their own benefit, they to keep said property up in good order, and condition and pay all taxes assessed against the said property, without any cost or expense to the other property, of his estate or to his other children. And that *upon the death or marriage* of all of his said daughters, then said homestead property should be sold and the proceeds divided equally among all of his said six children." (Italics supplied.)

The interpretation of said agreement by the immediate parties in interest was as follows:

"Third. That the said Mary H. Partridge, Elise L. Partridge and Bertha S. Partridge shall, so long as they remain single and unmarried, have the right jointly to live upon said homestead or to rent out the same, and receive and use in equal shares the rents therefrom for their own benefit, they to keep up said property in good order and condition, and pay all taxes assessed against the same without cost or expense to the other children of said C. S. Partridge.

"Fourth. That upon the marriage of either of said daughters, then such of them as may marry shall thereupon cease to have the right to live upon, or receive any share of the rents of said property, *so long as any one of them remains unmarried, and such of them remaining unmarried, shall have the exclusive right to live upon the property,* or rent it out

and receive and use the rents until she marries, she to keep the property up and pay all taxes thereon.

"Fifth. That upon either the death or marriage of all of said daughters, or upon the marriage of all those who may survive, then said homestead property shall be sold and the proceeds thereof, shall be divided equally, share and share alike among the said parties thereto, or their heirs or assigns, the heirs or assigns of such as may die, to take the part or share of the one they represent. And until such sale and division, it is agreed that the title to said land shall stand in the names of said Mary H. Partridge, Elise L. Partridge and Bertha S. Partridge, as trustees, to hold in trust for the use and benefit of the parties hereto as declared in this instrument." (Italics supplied.)

■ The pertinent question, then, is When was the title, use and benefit in the homestead as declared by Mr. Partridge changed, as a result of the agreement of Mary H., Elise, Bertha S., and Daniel Partridge of date of January 1, 1898, as affected by the conditions subsequent thereto? The death of the two daughters named and the marriage of Miss Bertha S. Partridge were the conditions subsequent that invested the homestead in all of Mr. Partridge's six children, or those who stood in their stead, under the law or the statutes of descent and distribution. Thereafter they were joint-owners and were not divested of a present interest in the property by reason of the fact that Miss Bertha S. Partridge may or may not have remained married. So much for the family agreement, or declaration of interests in the use of the homestead up to the time of the deaths of Mary H. and Elise S. Partridge, and the marriage of Bertha S. Partridge to Mr. Weir.

■ We are further of opinion that there was no misjoinder of parties, nor was the bill multifarious (Adams v. Jones, 68 Ala. 117, and Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571, 573), in bringing in all the parties in interest in the one subject-matter, in praying for construction and accounting among the joint-owners, and a sale for division. O'Neal v. Cooper, 191 Ala. 182, 187, 67 So. 689. The life estates of the deceased sisters and the limited estate of Mrs. Weir having terminated, the vested remainder was the subject of descent and distribution or devise.

. The statutes providing for sale and division of real property, and the ascertainment of respective interests of joint-owners are sufficient to the end of a proper distribution. Michie's Code, § 9303 et seq.; Whitehead et al. v. Boutwell, 218 Ala. 109, 117 So. 623; Braley v. Spragins, 221 Ala. 150, 128 So. 149.

■ If all of the complainants have the right to the sale for division of the common properties, the fact that some of the respondents in the instant case are dependent upon the probate of the will of Miss Mary H. Partridge, or in the event of failure of probate, their interests under the statutes of descent and distribution will not prevent the sale sought by the instant bill. Whatever the result may be in the probate court as to the will, the trustee named therein and all of the beneficiaries thereunder are parties respondent. So, also, all parties who may have an interest in the common properties in event the will is not probated are likewise parties respondent. The court may, therefore, so mold its decree that aliquot part or parts or respective interests may be protected in the just right, title or interest of each of said parties.

It may be said that under the authority of Davidson v. Rice, 207 Ala. 285, 92 So. 474, and Smith v. Colpack, 235 Ala. 513, 179 So. 520, any grounds of demurrer that may have been assigned by William J. Norville, as trustee, are not available to Mrs. Bertha S. Weir or her children joining with her in demurrer.

It results, therefore, that the ruling of the trial court in overruling the demurrers to the bill is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and KNIGHT, JJ., concur.